**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

MULTI-MEDIA INTERNATIONAL, LLC, )
)
          **Plaintiff,** )
) **CIVIL ACTION**
v. ) **No. 09-2670-KHV**
)
NATIONAL PUBLISHER SERVICES, Inc., et al., )
)
          **Defendants.** )
_____)

**MEMORANDUM AND ORDER**

In the District Court of Johnson County, Kansas, Multi-Media International, LLC filed suit against National Publisher Services, Inc., National Publisher Services LLC, Dennis Knisley, Mark Harris and John Does 1-10 for unfair competition, breach of agreements and usurpation of corporate opportunity. See Doc. #1, Ex. A. On December 28, 2009, defendants removed the case to this Court, asserting diversity of citizenship as the basis for subject matter jurisdiction. See Doc. #1 at ¶ 8 (citing 28 U.S.C. § 1332).

This matter comes before the Court on Defendants' Response To Order To Show Cause (Doc. #7) filed January 11, 2010 and Plaintiff's Submission In Support Of Remand And In Reply To Defendants' Response To *Sua Sponte* Order To Show Cause (Doc. #9) filed January 18, 2010. For reasons set forth below, the Court finds the case should be remanded to the District Court of Johnson County, Kansas.

**Legal Standards**

A civil action is removable only if plaintiff could have originally brought the action in federal court. See 28 U.S.C. § 1441(a). The Court is required to remand "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. §

1447(c). Because federal courts are courts of limited jurisdiction, the law imposes a presumption against federal jurisdiction. See Merida Delgado v. Gonzales, 428 F.3d 916, 919 (10th Cir. 2005); Vandeventer v. Guimond, 494 F. Supp.2d 1255, 1260 (D. Kan. 2007). The rule is inflexible and without exception, and requires a court to deny its jurisdiction in all cases where such jurisdiction does not affirmatively appear in the record. See Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982). Accordingly, the Court must strictly construe the federal removal statute. See Fajen v. Found. Reserve Ins. Co., 683 F.2d 331, 333 (10th Cir. 1982). The burden is on the party requesting removal to demonstrate that the Court has jurisdiction. See Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir.), cert. denied, 516 U.S. 863 (1995). The Court must resolve any doubts concerning removability in favor of remand. See J.W. Petro., Inc. v. Lange, 787 F. Supp. 975, 977 (D. Kan. 1992).

## **Analysis**

Section 1332 requires complete diversity between all plaintiffs and all defendants. See Radil v. Sanborn W. Camps, Inc., 384 F.3d 1220, 1225 (10th Cir. 2004). Under Section 1332, a corporation is deemed to be a citizen of the state by which it has been incorporated and the state where it has its principal place of business. See 28 U.S.C. § 1332(c)(1). A limited liability company is considered a citizen of each state of which its members are citizens. See Birdsong v. Westglen Endoscopy Ctr., L.L.C., 176 F. Supp.2d 1245, 1248 (D. Kan. 2001); see also Pramco, LLC v. San Juan Bay Marina, Inc., 435 F.3d 51, 54 (1st Cir. 2006) (in every circuit to consider issue, citizenship of LLC determined by citizenship of members).

The removal notice alleges the citizenship of defendants, as follows: National Publisher Services, Inc. is an Iowa corporation with its principal place of business in New Jersey; National

Publisher Services LLC is a New Jersey limited liability company with its principal place of business in New Jersey; Mark Harris is a New Jersey resident and Dennis Knisley is a Tennessee resident. The removal notice asserts that Multi-Media International, LLC ("MMI"), is a resident of Nevada and Kansas. The notice of removal does not allege the citizenship of each member of MMI, however, and therefore does not properly allege subject matter jurisdiction. See Birdsong, 176 F. Supp.2d at 1248. Accordingly, the Court ordered defendants to show cause why it should not dismiss the case for lack of subject matter jurisdiction See Order To Show Cause (Doc. #6) (filed December 30, 2009).

In response to the order to show cause, defendants assert that the sole member of MMI is Platinum Media Management, LLC ("Platinum"). See Defendants' Response To Order To Show Cause (Doc. #7) filed January 11, 2010 at 3. Defendants point to uncontroverted evidence that the two members of Platinum – Cliff Pummill and Michael Doyle – are citizens of Kansas, and thus Platinum is a citizen of Kansas. Defendants argue that this Court has diversity jurisdiction because MMI's only member is a citizen of only Kansas, and no defendants are citizens of Kansas. MMI concedes that Platinum is a citizen of Kansas but argues that MMI has another member – Fanzine International, Inc. – which is a citizen of New Jersey. MMI points to tax documents which indicate that Fanzine is a member of MMI. See Doc. #14, Ex. 1 (MMI's Federal Income Tax Return indicating that Fanzine is member of Multi-Media International); Doc. #14, Ex. 2 (IRS Form 870-PT dated September of 2008 listing Fanzine as member of MMI). Fanzine, Inc. is incorporated in New Jersey. MMI contends that MMI is therefore a citizen of New Jersey, and that defendants cannot establish diversity jurisdiction because three defendants are also citizens of New Jersey.

Defendants argue that in a prior case in this district, MMI argued and the Court found that

-3-

MMI's sole member is Platinum. In United States v. Doyle, No. 07-2276-JWL, 2007 WL 2670057 (D. Kan. Sept. 7, 2007) the United States petitioned to enforce summonses which the Internal Revenue Service had issued to Michael Doyle, Cliff Pummill and nine related business entities including MMI. In Doyle, the respondents, including MMI, represented in affidavits that MMI had only one shareholder – Platinum Media Management, LLC ("Platinum"), and that Doyle and Pummill were Platinum's only members. By contrast, in this case, MMI asserts that it has *two* members – Platinum and Fanzine.[1] Defendants assert that based on its representations in Doyle that Platinum was its only member, MMI is now estopped from asserting that it has two members (one of which is a resident of New Jersey).

The Supreme Court recognized the doctrine of judicial estoppel in New Hampshire v. Maine, 533 U.S. 742, 750 (2001). See Johnson v. Lindon City Corp., 405 F.3d 1065, 1068 (10th Cir. 2005). In New Hampshire, the Court explained that the doctrine protects the integrity of the judicial process "by prohibiting parties from deliberately changing positions according to the exigencies of the moment." New Hampshire, 532 U.S. at 749-50. While the Court recognized that the circumstances under which a court might invoke judicial estoppel will vary, three factors "typically inform the decision whether to apply the doctrine in a particular case." Id. at 750. First, a party's subsequent position must be "clearly inconsistent" with its earlier position. Id. Next, a court should inquire whether the suspect party succeeded in persuading a court to accept that party's former position, "so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled." Id. Finally, the court should inquire whether

---

[1] In Doyle, although respondents presented affidavits which stated that MMI had only one member, they also filed an exhibit which indicated that Platinum owned 60 per cent of MMI and that Fanzine owned 40 percent of MMI.

-4-

the party seeking to assert an inconsistent position would gain an unfair advantage in the litigation if not estopped. Id. at 751.

As to the first factor, MMI's position in this case – that it has two members including Fanzine – is inconsistent with the position taken by MMI and the other respondents in Doyle – that Platinum is the sole member of MMI.[2] The Court notes, however, that in Doyle, although respondents presented affidavits which stated that MMI had only one member, they also filed an exhibit which indicated that Platinum and Fanzine each owned part of MMI. Thus, when considered as a whole, MMI's prior representations in Doyle were ambiguous. Applying the second factor, in Doyle the Court accepted respondents' position that Platinum is the sole member of MMI. See Doyle, 2007 WL 2670057, at *1, n.1.[3] This Court's acceptance of MMI's current position that it has two members (Fanzine and Platinum) arguably could create "the perception that either the first or the second court was mislead." New Hampshire, 532 U.S. at 750. This factor does not weigh strongly in favor of judicial estoppel, however, because the question whether Platinum was MMI's

---

[2] MMI does not assert that Fanzine became a member of MMI after the Doyle case; therefore the fact that more than two years have passed since the decision in Doyle does not account for MMI's change in position.

[3] In Doyle, the Court stated as follows:

> Mr. Pummill and/or Mr. Doyle are majority shareholders in all the Respondent-entities, except [MMI]. [Platinum] is the sole shareholder, and Mr. Pummill and Mr. Doyle each own fifty percent of the shares of [Platinum].

2007 WL 2670057, at *1, n.1. Plaintiff asserts that in context, this footnote does not state that Platinum was the sole shareholder of MMI; rather, it indicates that Pummill and Doyle held their interests in MMI through their membership in Platinum, rather than in their own names. The Court rejects plaintiff's characterization of the footnote; it clearly states that Platinum is the sole shareholder of MMI. A complete review of the Court's opinion in Doyle, however, indicates that the statement in the footnote is not a finding of material fact.

only member was not material to the result in Doyle, and Doyle did not involve issues of citizenship of any parties. Cf. Kubin v. Miller, 801 F. Supp. 1101, 1111 (S.D.N.Y. 1992) (defendant estopped from claiming New York citizenship in one federal action and then declaring Connecticut citizenship in order to defeat diversity jurisdiction in other action); see also State Farm Mut. Auto Ins., Co. v. Dyer, 19 F.3d 514, 519 (10th Cir. 1994) (evidentiary admission of plaintiff's residency in wrongful death action admissible against defendant who sought to defeat diversity jurisdiction in later federal action). Finally, as to the third factor, the Court discerns no basis to find that MMI would gain an unfair advantage if allowed to assert that Fanzine is a member of MMI. In light of the Tenth Circuit's guidance that courts must apply judicial estoppel both narrowly and cautiously, see Bradford v. Wiggins, 516 F.3d 1189, 1194 (10th Cir. 2008), the Court finds that judicial estoppel is not appropriate.

Defendants next argue that Fanzine cannot be a member of MMI because on November 3, 2005, the New Jersey Secretary of State revoked Fanzine's corporate status for failure to file an annual report for two consecutive years. See Doc. #9-3. Plaintiff responds that revocation of an administrative charter is curable, and notes that defendants do not cite any cases which hold that revocation of a corporate charter means that a corporation is not a resident of the state for diversity purposes. Indeed, neither party cites case law or statutes in support of their position on this issue.

For purposes of diversity jurisdiction, the status of a corporation depends on the corporation's status under the law of the state that granted the charter. See Wild v. Subscription Plus, Inc., 292 F.3d 526, 528 (7th Cir. 2002); Clipper Air Cargo, Inc., v. Aviation Prods., Int'l, 981 F. Supp. 956, 958-59 (D.S.C. 1997). Under New Jersey law, a dissolved corporation "shall continue to function in the same manner as if dissolution had not occurred," and it therefore "may sue and be

-6-

sued in its corporate name." N.J.S.A. § 14A:12-9(2); see N.J.S.A. § 14A:4-5(5). Despite its failure to maintain good standing in its state of incorporation, for purposes of diversity jurisdiction, Fanzine is a citizen of New Jersey. See Davis v. CNH Am., LLC, No. 08-3015, 2008 WL 748378, at *2 (W.D. Ark. March 17, 2008) (under 28 U.S.C. § 1332(c)(1), corporation deemed citizen of any State "by which it has been incorporated;" no basis for concluding that corporation's citizenship changed by revocation of its charter).

The Court concludes that Fanzine is a citizen of New Jersey, and that MMI is therefore a citizen of New Jersey. Because three defendants are also citizens of New Jersey, the Court lacks diversity jurisdiction and must remand.

Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of removal." The Supreme Court has recognized that the standard for awarding fees should turn on the reasonableness of the removal. Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). The reasonableness test serves to "deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." Id. at 140.

The Court maintains discretion whether to award attorney fees on remand to state court. See Kansas ex rel. Morrison v. Price, 242 Fed. Appx. 590, 593 (10th Cir. 2007) (reviewing award of fees under Section 1447(c) for abuse of discretion). Because defendants had an arguable basis for removing the case, the Court declines to award costs and expenses.

**IT IS THEREFORE ORDERED** that Plaintiff's Submission In Support Of Remand And In Reply To Defendants' Response to *Sua Sponte* Order To Show Cause (Doc. #9) filed January 18,

2010 be and hereby is **SUSTAINED**.  The Court **REMANDS** this case to the District Court of Johnson County, Kansas.  The Clerk shall mail a certified copy of this order to the clerk of the state court.

Dated this 12th day of March, 2010 at Kansas City, Kansas.

>s/ Kathryn H. Vratil
>KATHRYN H. VRATIL
>United States District Judge